IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                               CIV 18-0142 JHR/KBM

JEFFREY HAWKER,

      Defendant.

## ORDER GRANTING EXTENSION OF TIME TO MOVE, PLEAD, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

This matter comes before the Court on Defendant Jeffrey Hawker's Motion for the (sic) Extension of Time to Answer. *Doc. 13*. Having reviewed Plaintiff's Response (*Docs. 14, 15*) and Defendant's Reply (*Doc. 18*), the Court will grant the requested extension.

**I)      BACKGROUND**

This action was filed by Plaintiff on February 12, 2018. *Doc. 1*. "Defendant was served with a copy of the complaint by certified mail/return receipt on February 17, 2018 and acknowledged service by returning the Waiver of Service of Summons filed on March 19, 2018. Accordingly, his answer was due no later than May 8, 2018. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii)." *Doc. 15*. Because Defendant did not answer, Plaintiff requested, and was granted, an entry of default by the Clerk pursuant to Federal Rule of Civil Procedure 55(a), on May 31, 2018. *Doc. 11*. Defendant filed his Motion roughly a week later, on June 7, 2018. *Doc. 13*.

In the Motion, Defendant, who is proceeding *pro se*, requests 90-120 days "in which to move, plead or otherwise respond to Plaintiff's Complaint." *Id.* In support of this request, Defendant avers that he is a member of the United States Navy, currently participating in a joint exercise outside of the state of New Mexico. *Id.* Due to this, Defendant states that most of his

1

belongings are in storage in Albuquerque, New Mexico, and Chesapeake, Virginia. *Id.* Further, Defendant states that "[w]ith the filing of the case by the Plaintiff in New Mexico instead of Washington DC, Maryland or Virginia, my DC-based law firm is unable to represent me in the current case. *Id.* As such, Defendant states that "[t]he requested time will allow me to complete my military mission, return to New Mexico, complete my household goods move, travel back to Virginia to gather remaining documentation, seek new counsel that may assist in this current case, provide me the opportunity to confer with the Office of Special Counsel who represents me in the case against Salem VA Medical Center, as well as contact my DC-based counsel." *Id.*

Plaintiff opposes the Motion. *See Doc. 15*. Primarily, Plaintiff argues that "[t]he Servicemembers Civil Relief Act (SCRA) Website indicates that defendant is not on active military duty." *Id.* at 2. As such, Plaintiff argues that "Defendant has not presented good cause for setting aside the Clerk's Entry of Default as required by Fed. R. Civ. P. 55(c)." *Id.*

In Reply, Defendant provides evidence that he is a current member of the United States Navy and that he was "on approved military leave at the time [his] motion was submitted." *Doc. 18*. Additionally, he provides an email indicating that "the IHS is no longer paying for storage of [his] household goods[.]" *Id.* Moreover, Defendant filed an Answer on July 13, 2018. *Doc. 19*.

**II) ANALYSIS**

Now that default has been entered against Defendant, the question is whether or not he has demonstrated "good cause" sufficient to permit the Court to set it aside and grant the requested extension. *See* Fed. R. Civ. P 55(c) ("The court may set aside an entry of default for good cause[.]"); *Taite v. Univ. of New Mexico*, 2014 WL 12798365, at *3 (D.N.M. Jan. 30, 2014) ("Defendants established good cause for their failure to file a responsive pleading by the initial deadline."). "In deciding whether to set aside an entry of default, courts may consider, among

other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Services, Inc.*, 316 Fed. Appx. 744, 750 (10th Cir. 2009) (unpublished) (quoted authority omitted).

Here, even if the Court were to assume that Defendant's default was willful, Plaintiff has demonstrated no prejudice that would result from granting the extension. The fact that Defendant has already filed an Answer, though late, bolsters this conclusion. Finally, Defendant avers in his Answer that he was wrongfully terminated and provides evidence in support of this assertion. *See Doc. 19* at 1. As such, the Court finds that a meritorious defense is presented, at least at this early stage.

**III) CONCLUSION**

Wherefore, for the forgoing reasons, the Court grants Defendant's Motion for Extension of Time to File Answer (*Doc. 13*). The Default entered by the Court is hereby set aside, and Plaintiff's Motion for Entry of Default by Clerk (*Doc. 9*) is hereby denied as moot.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent